**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

WALTER WILLIAMS                                                                                           PLAINTIFF

V.                                            3:09CV00146 JLH/JTR

DICK BUSBY,
Sheriff of Crittenden County, et al.                                                                 DEFENDANTS

## ORDER

Plaintiff, who is currently confined in the Crittenden County Detention Facility, has commenced this *pro se* § 1983 action alleging that Defendants violated his constitutional rights. *See* docket entries #2 and #5. For the following reasons, the Court will order service upon Defendants.

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

When making this determination, the court must "accept as true all factual allegations in the complaint, [while] giving no effect to conclusory allegations of law." *Stalley v. Catholic Health Initiatives*, 509 F.3d 517, 521 (8th Cir. 2007). Importantly, the complaint must "assert facts that affirmatively and plausibly suggest," "above the speculative level," that the plaintiff is entitled to relief and mere conclusions or a "formulaic recitation of the elements of a cause of action will not do." *Stalley,* 509 F.3d at 521; *see also Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007)

(abrogating the "no set of facts" standard set forth in *Conely v. Gibson*, 355 U.S. 41, 45-46 (1957)). Nevertheless, in *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), the Supreme Court emphasized that a *pro se* prisoner's § 1983 complaint must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."

In his Complaint and Amended Complaint, Plaintiff alleges that Defendant Supervisor Earnestine Beasly used excessive force against him on July 23, 2008. *See* docket entries #2 and #5. Plaintiff further contends that Defendants Sheriff Dick Busby, Administrator Zane Boyd, and Chief Jailer Theresa Bonner were each aware of the situation, but failed to take any corrective action. *Id.* The Court concludes, *for screening purposes only*, that Plaintiff has stated viable claims against these Defendants.

IT IS THEREFORE ORDERED THAT:

1.      Pursuant to the screening function mandated by 28 U.S.C. § 1915A, Plaintiff shall PROCEED with his excessive force claims against Defendants Busby, Boyd, Bonner, and Beasly.

2.      The Clerk is directed to prepare a summons for each Defendant, and the United States Marshal is directed to serve the summons, Complaint, Amended Complaint, and this Order on them without prepayment of fees and costs or security therefor.[1]

Dated this 2nd day of September, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] If any of the Defendants are no longer Crittenden County employees, the individual responding to service shall file, with the return of unexecuted service, a **SEALED** Statement providing the last known private mailing address for the unserved Defendant.